JUDGE JONES

07 CV 6139

333-07/MEU
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
J.D.H. INTERNATIONAL LLC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
J.D.H. INTERNATIONAL LLC,            07 CV

           Plaintiff,

           **VERIFIED COMPLAINT**

      -against -

DEOL MARINE SERVICES,

           Defendant.
-----------------------------------------------------------------x

[RECEIVED JUN 29 2007 U.S.D.C. S.D.N.Y. CASHIERS]

      Plaintiff J.D.H. INTERNATIONAL LLC ("JDH"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant DEOL MARINE SERVICES ("DEOL"), alleges upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

      2.     At all times relevant hereto, Plaintiff JDH was and still is a business entity organized and existing under the laws of a foreign country with an office located at Dubai Creek Tower, Suite 9A, Dubai, UAE.

3.  At all times relevant hereto, Defendant DEOL was and still is a business entity organized under the laws of a foreign country with an office located at Samrat Commercial Complex, Samrat Cinema, Near Ring Road, New Delhi 110034, India.

4.  On or about July 26, 2006, Plaintiff JDH, as disponent owner, and Defendant DEOL, as charterer, entered into a maritime contract of charter party on a GENCON form for the carriage of a cargo of bagged rice from Kakinada, India to Umm Qasr in Iraq aboard the the M/V J SAFE ("the Charter Party").

5.  Plaintiff JDH duly tendered the vessel into the service of DEOL and has fulfilled all its obligations under the Charter Party.

6.  On arrival at the discharge port, the cargo/customs documents were not in order/available and the vessel was therefore not allowed to berth and discharge the cargo. As a consequence, the vessel was detained for approximately 19.5 days, after which time JDH was advised that the cargo documents could not be processed.

7.  The vessel therefore was not allowed to discharge at Umm Qasr and JDH was forced to divert the vessel to Dubai for discharge and eventual delivery.

8.  As a result of the breach of the Charter Party by Defendant DEOL, Plaintiff JDH incurred the following additional costs for which DEOL is responsible:

    Detention charges for 19.5 days @ US$11,200 per day = US$218,400;
    Deviation charges to Dubai – 8000 MTs of cargo x US$30/MT = US$240,000;
    Discharging and storage costs – 8000MTs x US$6.50/MT = US$52,000.

9.  Plaintiff JDH has demanded payment of the amounts incurred for detention, deviation and discharge/storage in the sum of $510,400 from DEOL, but despite having made due demand and in breach of the Charter Party, Defendant DEOL has refused or otherwise failed to pay.

10.    The Charter Party provides that it is to be governed by English law and that all disputes between the parties are to be resolved by arbitration in London. Plaintiff JDH expressly reserves herein its right to arbitrate the merits of its claim against DEOL in accordance with the agreement of the parties.

11.    This action is brought to obtain security in favor of Plaintiff JDH in respect to its claims against DEOL in aid of London arbitration proceedings, and, to the extent necessary, to compel DEOL to arbitrate pursuant to the terms of the charter and if necessary to recognize and enforce the foreign arbitral award, when rendered, as a judgment of this Court.

12.    This action is further brought to obtain security for any additional sums to cover Plaintiff JDH's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules of London Arbitration.

13.    Upon information and belief, and after investigation, Defendant DEOL cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant ("ASSETS"), including but not limited to ASSETS at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

14.    As nearly as presently can be computed, the total amount sought by Plaintiff JDH to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant DEOL includes:

(a) Detention charges for 19.5 days at $11,200 per day = $218,400;

(b) Deviation charges – 8,000 MTs cargo x $30/MT = $240,000;

(c) Discharge/storage costs – 8,000 MTs x $6.50/MT = $52,000;

(d) Interest of $136,910.61 on the above sum of $510,400, calculated at the rate of 8% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award and to enter same as a judgment, which interest is recoverable under applicable English law and arbitral rules; and

(e) Estimated recoverable attorneys' fees, costs and the costs of the arbitration, which English solicitors estimate to be $150,000;

**For a total amount sought to be attached of $797,310.61.** Plaintiff JDH specifically reserves its right to seek an increase in the claim amount should the amount set forth herein be insufficient to fully secure Plaintiff JDH for its claims against DEOL.

WHEREFORE, Plaintiff J.D.H. INTERNATIONAL LLC prays:

A. That process in due form of law according to the practice of this Court may issue against Defendant DEOL MARINE SERVICES, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claims of $510,400, plus interest, costs and attorneys' fees;

B. That if Defendant cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant, up to and including the claim of **$797,310.61** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be

held, received or transferred in its own name at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

C.    That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

D.    That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
      June 29, 2007

                         FREEHILL HOGAN & MAHAR, LLP
                         Attorneys for Plaintiff
                         J.D.H. INTERNATIONAL LLC

By:    _____
      Michael E. Unger (MU 0045)
      80 Pine Street
      New York, NY 10005
      (212) 425-1900
      (212) 425-1901 fax

## ATTORNEY VERIFICATION

State of New York   )
                    ) ss.:
County of New York  )

MIICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
29th day of June, 2007

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/08

NYDOCS1/285914.1                    6